IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
MICHAEL C. AUGUSTINI (DC Bar No. 452526)
michael.augustini@usdoj.gov
ROCHELLE L. RUSSELL (Cal. Bar. No. 244992)
rochelle.russell@usdoj.gov
LESLIE M. HILL (DC Bar No. 476008)
leslie.hill@usdoj.gov
Trial Attorneys, Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, DC 20026-3986
Tel: (202) 616-6519; Fax: (202) 514-8865
JAMES R. MacAYEAL
Trial Attorney, Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 616-8777; Fax: (202) 514-2583
E-mail: jamie.macayeal@usdoj.gov

*Attorneys for Third-Party Defendant
United States of America*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF COLTON, a California municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PROMOTIONAL EVENTS, INC., et al.,<br><br>Defendants. | Case No. ED CV 09-01864 PSG (SSx)<br><br>**THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO PYRO SPECTACULARS, INC.'S THIRD-PARTY COMPLAINT; COUNTERCLAIMS** |
| PYRO SPECTACULARS, INC., a California corporation,<br><br>Third-Party Plaintiff<br><br>v.<br><br>BROCO, INC., et al.,<br><br>Third-Party Defendants. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Counter-Plaintiff, | |
| v. | |
| PYRO SPECTACULARS, INC., | |
| Counter-Defendant. | |

Third-Party Defendant United States of America ("United States") hereby asserts its defenses and responses to the Third-Party Complaint brought by Defendant and Third-Party Plaintiff Pyro Spectaculars, Inc. ("PSI") in the above-captioned matter. The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Third-Party Complaint.

## JURISDICTION AND VENUE

1.  The allegations in Paragraph 1 of the Third-Party Compliant are conclusions of law that require no response. To the extent any of these could be deemed allegations of fact against the United States, the United States denies those allegations.

2.  The allegations in Paragraph 2 of the Third-Party Complaint are conclusions of law that require no response. To the extent any of these could be deemed allegations of fact against the United States, the United States denies those allegations.

3.  The allegations in Paragraph 3 of the Third-Party Compliant are conclusions of law that require no response. To the extent any of these could be deemed allegations of fact against the United States, the United States denies those allegations.

4.  The allegations in Paragraph 4 of the Third-Party Compliant are conclusions of law that require no response. To the extent any of these could be deemed allegations of fact against the United States, the United States denies those

allegations.

## THE PARTIES

5. The United States is informed and believes that PSI is a corporation organized under California law. Except as expressly admitted, the United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Third-Party Complaint, and therefore denies those allegations.

6. The United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Third-Party Complaint, and therefore denies the allegations.

7. The allegations in Paragraph 7 of the Third-Party Complaint are legal conclusions to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States lacks sufficient knowledge or belief as to their truth, and on that basis denies them.

8. The United States admits that the United States Department of Defense ("DoD"), formerly known as the Department of War, is, and at relevant times was, an executive branch agency of the United States Government, and that the DoD is headed by the Secretary of Defense and that the United States Army, Navy, and Air Force are military Departments within DoD, and that the United States Marine Corps is a military component within the Navy. The United States admits that the United States Coast Guard is a military service and a branch of the armed forces of the United States at all times and a service in the Department of Homeland Security, except when operating as a service in the Navy. The remaining allegations in Paragraph 8 of the Third-Party Complaint constitute conclusions of law and characterize PSI's claims against the United States, and therefore no response is required; to the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

CASE No. ED CV 09-01864 PSG (SSx)
THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S ANSWER
TO PYRO SPECTACULARS, INC.'S THIRD-PARTY COMPLAINT; COUNTERCLAIMS

2

9. The United States admits that the United States owned the Rialto Ammunition Storage Point ("RASP") from approximately 1942 to July 9, 1946 and that bunkers were at the RASP. Except as expressly admitted, the United States denies the remaining allegations in Paragraph 9 of the Third-Party Complaint.

10. The United States admits the allegation concerning TCE and perchlorate detection in sentence 5 of Paragraph 10 of the Third-Party Complaint, but denies the remaining allegations in this paragraph.

11. The allegations in Paragraph 11 of the Third-Party Compliant are conclusions of law that require no response. To the extent any of these could be deemed allegations of fact against the United States, the United States denies those allegations.

12. The allegations in Paragraph 12 of the Third-Party Compliant are conclusions of law that require no response. To the extent any of these could be deemed allegations of fact against the United States, the United States denies those allegations.

13. The United States is informed and believes that Third-Party Defendant City of Rialto is a municipal corporation organized and existing under the laws of the State of California and located in San Bernardino, California. Except as expressly admitted, the United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Third-Party Complaint, and therefore denies those allegations.

14. The United States is informed and believes that Third-Party Defendant Rialto Utility Authority is a joint powers authority organized and existing under the laws of the State of California. Except as expressly admitted, the United States lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Third-Party Complaint, and therefore denies those allegations.

15. The United States is informed and believes that Third-Party Defendant

CASE NO. ED CV 09-01864 PSG (SSx)
THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S ANSWER
TO PYRO SPECTACULARS, INC.'S THIRD-PARTY COMPLAINT; COUNTERCLAIMS

3

1  General Dynamics Corporation is and at relevant times was a Delaware
2  corporation. The United States is informed and believes that Raytheon Corporation
3  is and at relevant times was a Delaware corporation. Except as expressly admitted,
4  the United States lacks sufficient knowledge or information to form a belief as to
5  the truth of the allegations in Paragraph 15 of the Third-Party Complaint, and
6  therefore denies those allegations.

7      16.  The United States is informed and believes that Third-Party
8  Defendants Zambelli Fireworks Company, a/k/a Zambelli Fireworks Internationale
9  and Zambelli Fireworks Manufacturing Company, Inc., are and at relevant times
10 were Pennsylvania corporations. Except as expressly admitted, the United States
11 lacks sufficient knowledge or information to form a belief as to the truth of the
12 allegations in Paragraph 16 of the Third-Party Complaint, and therefore denies
13 those allegations.

14     17.  The United States lacks sufficient knowledge or information to form a
15 belief as to the truth of the allegations in Paragraph 17 of the Third-Party
16 Complaint, and therefore denies those allegations.

17     18.  The United States is informed and believes that Third-Party Defendant
18 Environmental Enterprises, Inc. is an Ohio corporation. Except as expressly
19 admitted, the United States lacks sufficient knowledge or information to form a
20 belief as to the truth of the allegations in Paragraph 18 of the Third-Party
21 Complaint, and therefore denies those allegations.

## FIRST CLAIM FOR RELIEF

23     19.  The United States incorporates by reference its responses to
24 Paragraphs 1 through 18 above.

25     20.  The allegations in Paragraph 20 of the Third-Party Complaint consist
26 of conclusions of law to which no response is required. To the extent any of these
27 allegations could be deemed allegations of fact against the United States, the United
28 States denies those allegations.

21. The allegations in Paragraph 21 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

22. The allegations in Paragraph 22 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

23. The allegations in Paragraph 23 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

24. The allegations in Paragraph 24 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

25. The allegations in Paragraph 25 of the Third-Party Complaint consist conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations. In addition, the United States lacks sufficient information or knowledge to form a belief as to the truth of the allegations concerning PSI's alleged costs, and on that basis denies them.

26. The allegations in Paragraph 26 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

27. The allegations in Paragraph 27 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these

CASE NO. ED CV 09-01864 PSG (SSx)
THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S ANSWER
TO PYRO SPECTACULARS, INC.'S THIRD-PARTY COMPLAINT; COUNTERCLAIMS

5

allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

28. The allegations in Paragraph 28 of the Third-Party Complain purport to characterize actions by PSI in providing copies of its complaint, to which no response is required.

## SECOND CLAIM FOR RELIEF

29. The United States incorporates by reference its responses to Paragraphs 1 through 28 above.

30. The allegations in Paragraph 30 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

31. The allegations in Paragraph 31 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

32. The allegations in Paragraph 32 of the Third-Party Complaint purport to characterize claims asserted against PSI by another party and consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

## THIRD CLAIM FOR RELIEF

33. The United States incorporates by reference its responses to Paragraphs 1 through 32 above.

34. The allegations in Paragraph 34 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

CASE NO. ED CV 09-01864 PSG (SSx)
THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S ANSWER
TO PYRO SPECTACULARS, INC.'S THIRD-PARTY COMPLAINT; COUNTERCLAIMS

6

35.   The allegations in Paragraph 35 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

### FOURTH CLAIM FOR RELIEF

36.   The United States incorporates by reference its responses to Paragraphs 1 through 35 above.

37 - 44.   The allegations contained in Paragraphs 37 through 44 of the Third-Party Complaint expressly do not apply to the United States and therefore no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

### FIFTH CLAIM FOR RELIEF

45.   The United States incorporates by reference its responses to Paragraphs 1 through 44 above.

46 - 47.   The allegations contained in Paragraphs 46 and 47 of the Third-Party Complaint expressly do not apply to the United States and therefore no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

### SIXTH CLAIM FOR RELIEF

48.   The United States incorporates by reference its responses to Paragraphs 1 through 47 above.

49.   The allegations contained in Paragraph 49 of the Third-Party Complaint expressly do not apply to the United States and therefore no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

//

## SEVENTH CLAIM FOR RELIEF

50. The United States incorporates by reference its responses to Paragraphs 1 through 49 above.

51. The allegations in Paragraph 51 of the Third-Party Complaint purport to characterize PSI's claims and consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

52. The allegations in Paragraph 52 of the Third-Party Complaint consist of conclusions of law to which no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

## EIGHTH CLAIM FOR RELIEF

53. The United States incorporates by reference its responses to Paragraphs 1 through 52 above.

54 - 55. The allegations contained in Paragraphs 54 and 55 of the Third-Party Complaint expressly do not apply to the United States and therefore no response is required. To the extent any of these allegations could be deemed allegations of fact against the United States, the United States denies those allegations.

## GENERAL DENIAL

All allegations not specifically admitted above are denied.

## RELIEF REQUESTED

The United States denies that PSI is entitled to the relief it seeks vis-à-vis the United States.

## DEFENSES

The United States maintains the affirmative defenses stated in Exhibit A to the Court's Order of January 20, 2010 (entered as Dkt. No. 64 in Case No. ED CV 09-01864 PSG (SSx)) and deemed pursuant to paragraph 9 of the Order.

Case No. ED CV 09-01864 PSG (SSx)
Third-Party Defendant United States of America's Answer
to Pyro Spectaculars, Inc.'s Third-Party Complaint; Counterclaims                8

## COUNTERCLAIMS

The United States has filed a separate civil action on behalf of the United States Environmental Protection Agency ("EPA") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9607, for the recovery of response costs incurred by EPA in connection with the Site, against Goodrich Corporation, Black and Decker, Inc., and its predecessors: West Coast Loading Corporation ("West Coast"), Kwikset Locks, Inc. ("Kwikset"), American Hardware Corporation ("American Hardware") and Emhart Industries, Inc.; Pyro Spectaculars, Inc.; Wong Chung Ming a/k/a/ Chung Ming Wong; Ken Thompson, Inc.; and Rialto Concrete Products. The complaint also seeks a declaratory judgment pursuant to Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), that the defendants are liable for all future EPA costs of removal and remedial action not inconsistent with the National Contingency Plan, 40 C.F.R. § 300. Finally, the complaint also seeks an injunction against Goodrich; the Black and Decker predecessors and Black and Decker; and PSI under Section 7003 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6973.

The subject matter of the separate action filed on behalf of EPA is the same as that in cases consolidated under *City of Colton v. American Promotional Events, Inc., et al.*, No. ED CV 09-01864 PSG (SSx). The United States will move to consolidate the case it has filed on behalf of EPA into *City of Colton v. American Promotional Events, Inc., et al.*, No. ED CV 09-01864 PSG (SSx).

The United States is filing answers to complaints of Goodrich, Emhart Industries, Inc., and Pyro Spectaculars, Inc. in the consolidated cases, and the claims in the United States' separate complaint are also intended as counterclaims on behalf of EPA against those parties. To the extent that the counterclaims on behalf of EPA need to be set forth in this answer pursuant to the Federal Rules of Civil Procedure, they are incorporated by reference.

CASE NO. ED CV 09-01864 PSG (SSx)
THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S ANSWER
TO PYRO SPECTACULARS, INC.'S THIRD-PARTY COMPLAINT; COUNTERCLAIMS

9

The United States also relies on paragraph 4 of the Court's January 20, 2010 Order, Dkt. 64, which provides that "the answer of each Party to any complaint, cross-claim, counter-claim, or third-party claim filed in the action in which they have been named shall be deemed to include cross-claims, counter-claims, and/or third-party claims for contribution under CERCLA § 113(f), 42 U.S.C. § 9613(f), and declaratory relief under CERCLA § 113(g), 42 U.S.C. § 9613(g), against all other in pro per or separately represented Parties, including any in pro per or separately represented parties brought into any of the Consolidated Actions at a later date," and paragraph 6 of the Order, which provides that the United States of America and United States Department of Defense, among others, "shall be deemed to have filed cross-claims, counter-claims, and/or third-party claims against the City of Rialto and Rialto Utility Authority (collectively referred to herein as "Rialto") under the provisions of Paragraphs 4."

## **REQUEST FOR RELIEF**

WHEREFORE, having fully answered, the United States prays that judgment be entered for it, that this action against it be dismissed with prejudice, that the Court order each party to bear their own costs and fees, and that the Court grant the United States such other and further relief as may be appropriate.

Respectfully Submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

Dated: February 4, 2010    /s/ *Rochelle L. Russell*
MICHAEL C. AUGUSTINI
ROCHELLE L. RUSSELL
LESLIE M. HILL
Environment & Natural Resources Division
Environmental Defense Section
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I certify that on February 4, 2010, a true and correct copy of the foregoing **THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO PYRO SPECTACULARS, INC.'S THIRD-PARTY COMPLAINT; COUNTERCLAIMS** was served on the counsel of record and address listed below via overnight mail and on all other counsel of record listed in the attached service list via regular U.S. mail and by posting it directly on Lexis Nexis File and Serve at http://fileandserve.lexisnexis.com, as agreed by the parties and ordered by the Court in the Order of January 20, 2010 (entered as Dkt. No. 64 in Case No. ED CV 09-01864 PSG (SSx)).

**Brian L. Zagon**
Hunsucker Goodstein and Nelson PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
(925) 284-0840
*Counsel for Pyro Spectaculars, Inc.*

/s/ Rochelle L. Russell
ROCHELLE L. RUSSELL

CASE NO. ED CV 09-01864 PSG (SSx)
THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S ANSWER
TO PYRO SPECTACULARS, INC.'S THIRD-PARTY COMPLAINT; COUNTERCLAIMS

11

## SERVICE LIST

| | |
|---|---|
| Gene Tanaka<br>John H. Holloway<br>Carissa Beecham<br>Best Best & Krieger LLP<br>2001 North Main Street, Suite 390<br>Walnut Creek, CA 94596<br>(925) 977-3300 * (925) 977-1870 Fax<br>gene.tanaka@bbklaw.com<br>john.holloway@bbklaw.com<br>carissa.beecham@bbklaw.com<br><br>Attorneys for City of Colton | Danielle G. Sakai<br>Best Best & Krieger LLP<br>3750 University Avenue<br>Suite 400<br>Riverside, CA 92501<br>(951) 686-1450 * (951) 686-3083 Fax<br>danielle.sakai@bbklaw.com<br><br>Attorneys for City of Colton |
| Jeffrey D. Dintzer<br>Denise Fellers<br>Elizabeth Burnside<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>(213) 229-7000 * (213) 229-7520 Fax<br>jdintzer@gibsondunn.com<br>dfellers@gibsondunn.com<br>eburnside@gibsondunn.com<br><br>Attorneys for Goodrich Corporation | Sallie Lux<br>Brouse McDowell<br>388 South Main Street<br>Suite 500<br>Akron, OH 44311<br>(330) 535-5711<br>slux@brouse.com<br><br>Attorney for Goodrich Corporation |
| Scott A. Sommer<br>Andrew D. Lanphere<br>Martin R. Sul<br>Pillsbury Winthrop Shaw Pittman LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>(415) 983-1000 * (415) 983-1200 Fax<br>scott.sommer@pillsburylaw.com<br>andrew.lanphere@pillsburylaw.com<br>martin.sul@pillsburylaw.com)<br><br>Attorneys for City of Rialto and Rialto Utility Authority | Mark E. Elliott<br>Pillsbury Winthrop Shaw Pittman LLP<br>725 South Figueroa Street, Suite 2800<br>Los Angeles, CA 90017-5406<br>Telephone: (213) 488-7100<br>Facsimile: (213) 629-1033<br>mark.elliott@pillsburylaw.com<br><br>Attorneys for City of Rialto and Rialto Utility Authority |

| | | |
|---|---|---|
| 1 | Robert D. Wyatt<br>James L. Meeder<br>Henry Lerner<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>Three Embarcadero Center, 12th Floor<br>San Francisco, CA 94111<br>(415) 837-1515 * (415) 837-1516 Fax<br>rwyatt@allenmatkins.com<br>jmeeder@allenmatkins.com<br>hlerner@allenmatkins.com<br><br>Attorneys for Black & Decker Inc.; Emhart Industries, Inc., Kwikset Corporation, Kwikset Locks, Inc. | Michael R. Farrell<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 S. Figueroa Street, 7th Floor<br>Los Angeles, CA 90071<br>(213) 622-5555 * (213) 620-8816 Fax<br>mfarrell@allenmatkins.com<br><br>Attorneys for Black & Decker Inc.; Emhart Industries, Inc., Kwikset Corporation, Kwikset Locks, Inc. |
| 2 | | |
| 10 | Joseph W. Hovermill<br>Joseph L. Beavers<br>Amanda A. Neidert<br>Miles & Stockbridge, P.C.<br>10 Light Street<br>Baltimore, MD 21202<br>(410) 385-3442 * (410) 385-3700 Fax<br>jhovermill@milesstockbridge.com<br>jbeavers@milesstockbridge.com<br>aneidert@milesstockbridge.com<br><br>Attorneys for Black & Decker Inc.; Emhart Industries, Inc., Kwikset Corporation, Kwikset Locks, Inc. | Daniel J. Coyle<br>Steven H. Goldberg<br>Jennifer Hartman King<br>Downey Brand LLP<br>621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814<br>(916) 444-1000 * (916) 444-2100 Fax<br>dcoyle@downeybrand.com<br>sgoldberg@downeybrand.com<br>jhking@downeybrand.com<br><br>Attorneys for American Promotional Events, Inc. and American Promotional Events, Inc. – West, as successor by name change or merger to American Pyrodyne Corporation, Pyrodyne American Corporation, American West, Inc., American West Marketing, Inc., and Freedom Fireworks, Inc |

- 2 -

| | |
|---|---|
| Timothy V.P. Gallagher<br>Martin N. Refkin<br>Thomas A. Bloomfield<br>Reid Smith<br>Emil Macasinag<br>Elizabeth Paranhos<br>Jill H. Van Noord<br>Gallagher & Gallagher<br>Watt Plaza<br>1925 Century Park East, Suite 950<br>Los Angeles, CA 90067<br>(310) 203-2607 * (310) 203-2610 Fax<br>timg@thegallaghergroup.com<br>refkin@thegallaghergroup.com<br>tbloomfield@thegallaghergroup.com<br>smith@thegallaghergroup.com<br>emil@thegallaghergroup.com<br>eparanhos@thegallaghergroup.com<br>jvannoord@thegallaghergroup.com<br><br>Attorneys for County of San Bernardino and Robertson's Ready Mix, Inc.<br><br>(303) 800-6901 | Penelope Alexander-Kelley<br>Ruth E. Stringer<br>Office of the County Counsel<br>County of San Bernardino<br>385 North Arrowhead Avenue<br>San Bernardino, CA 92415-0140<br>(909) 387-5435 * (909) 387-5462 Fax<br>palexander-kelley@cc.sbcounty.gov<br>rstringer@cc.sbcounty.gov<br><br>Attorneys for County of San Bernardino and Robertson's Ready Mix, Inc. |
| Thomas N. Jacobson<br>Attorney at Law<br>3750 Santa Fe Avenue, Suite 105<br>Riverside, CA 92507<br>(951) 682-7882<br>tom@tomjacobsonlaw.com<br><br>Attorney for Robertson's Ready Mix, Inc. | John E. Van Vlear<br>Daniel S. Kippen<br>Voss Cook & Thel<br>895 Dove Street, Suite 450<br>Newport Beach, CA 92660-2998<br>(949) 435-0225 * (949) 435-0226 Fax<br>dkippen@vctlaw.com<br>vv@vctlaw.com<br><br>Attorneys for Thomas O. Peters, The 1996 Thomas O. Peters and Kathleen S. Peters Revocable Trust, Stonehurst Site LLC |

| | |
|---|---|
| Brian L. Zagon<br>Hunsucker Goodstein and Nelson PC<br>3717 Mt. Diablo Blvd., Suite 200<br>Lafayette, CA 94549<br>(925) 284-0840 * (925) 284-0870 Fax<br>bzagon@hgnlaw.com<br><br>Attorneys for Pyro Spectaculars, Inc. and Astro Pyrotechnics, Inc. | David C. Solinger<br>Hunsucker Goodstein and Nelson PC<br>21800 Oxnard Street, Suite 780<br>Woodland Hills, CA 91367<br>(818) 598-8340 * (818) 598-8350 Fax<br>dsolinger@hgnlaw.com<br><br>Attorneys for Pyro Spectaculars, Inc. and Astro Pyrotechnics, Inc. |
| Steven J. Renshaw<br>Christine A. Renshaw<br>Renshaw & Associates<br>107 Figueroa Street, Suite 600<br>P.O. Box 3816<br>Ventura, CA 93006<br>(805) 643-1529 * (805) 643-1520 Fax<br>srenshaw@renshawlegal.com<br>carenshaw@renshawlegal.com<br><br>Attorneys for Trojan Fireworks | Erik S. Mroz<br>Hunsucker Goodstein and Nelson PC<br>1 North Pennsylvania St., Suite 1310<br>Indianapolis, IN 46204<br>(317) 633-6780 * (317) 633-6725 Fax<br>emroz@hgnlaw.com<br><br>Attorneys for Pyro Spectaculars, Inc. and Astro Pyrotechnics, Inc. |
| Brendan W. Brandt<br>Keith A. Kelly<br>Nathan A. Perea<br>Varner & Brandt, LLP<br>3750 University Avenue, Suite 610<br>Riverside, CA 92501<br>(951) 274-7777 * (951) 274-7770 Fax<br>bwb@varnerbrandt.com<br>kak@varnerbrandt.com<br>nap@varnerbrandt.com<br><br>Attorneys for Ken Thompson, Inc. and Rialto Concrete Products, Inc. | Bradley P. Boyer<br>Jad T. Davis<br>Ropers, Majeski, Kohn & Bentley<br>515 South Flower Street, Suite 1100<br>Los Angeles, CA 90071<br>(213) 312-2000 * (213) 312-2001 Fax<br>bboyer@ropers.com<br>jdavis@ropers.com<br><br>Attorneys for Zambelli Fireowrks Manufacturing Company, Inc., Zambelli Fireworks Company, aka Zambelli Fireworks Internationale, and Zambelli Fireworks Manufacturing Company |

| | |
|---|---|
| Richard A. Dongell<br>Matthew Clark Bures<br>Christopher T. Johnson<br>Dongell Lawrence Finney<br>707 Wilshire Blvd, 45th Floor<br>Los Angeles, CA 90017-3609<br>(213) 943-6100 * (213) 943-6101 Fax<br>rdongell@dlflawyers.com<br>mbures@dlflawyers.com<br>cjohnson@dlflawyers.com<br><br>Attorneys for Whittaker Corporation | David R. Isola<br>Stephen B. Ardis<br>Reginald R. Schubert<br>Isola Law Group LLP<br>405 W. Pine Street<br>Lodi, CA 95240<br>(209) 367-7055 * (209) 367-7056<br>disola@isolalaw.com<br>rschubert@isolalaw.com<br><br>Attorneys for Harry Hescox |
| C. Robert Boldt<br>Steven Soule<br>Beth Marie Weinstein<br>Sierra Elizabeth<br>Kirkland & Ellis<br>333 S. Hope Street<br>Los Angeles, CA 90017<br>(213) 680-8400 * (213) 680-8500 Fax<br>robert.boldt@kirkland.com<br>steven.soule@kirkland.com<br>beth.weinstein@kirkland.com<br>sierra.elizabeth@kirkland.com<br><br>Attorneys for General Dynamics Corporation and Raytheon Company | Harland L. Burge<br>Law Offices of Harland L. Burge<br>23193 La Cadena Drive, Suite 101<br>Laguna Hills, CA 92653<br>(949) 699-4162 * (949) 699-4166<br>bsdlaw@aol.com<br>mariabsdlaw@cox.net<br><br>Attorneys for Environmental Enterprises, Inc. |
| David S. Poole<br>Poole & Shaffery LLP<br>445 S. Figueroa Street, Suite 2520<br>Los Angeles, CA 90071<br>(213) 439-5390 * (213) 439-0183 Fax<br>dpoole@pooleshaffery.com<br><br>Attorneys for Mildred Wilkins | Brian E. Koegle<br>Poole & Shaffery, LLP<br>25350 Magic Mountain Parkway<br>Second Floor<br>Valencia, California 91355<br>(661) 290-2991 * (661)290-3338 Fax:<br>bkoegle@pooleshaffery.com<br><br>Attorneys for Mildred Wilkins |

| | |
|---|---|
| William W. Funderburk, Jr.<br>Anna L. Cole<br>Castellon & Funderburk LLP<br>811 Wilshire Boulevard, Suite 1025<br>Los Angeles, CA 90017-2606<br>(213) 623-7515 * (213) 532-3984 Fax<br>wfunderburk@candffirm.com<br>acole@candffirm.com<br><br>Attorneys for Edward Stout; Elizabeth Rodriguez; John Callagy, as Trustee of the Fredericksen Children's Trust Under Trust Agreement Dated Feb. 20, 1985; Linda Frederiksen; Linda Frederiksen, as Trustee of the Walter M. Pointon Trust Dated Nov. 19, 1991; Linda Frederiksen, as Trustee of the Michelle Ann Pointon Trust Under Trust Agreement Dated Feb. 15, 1985; John Callagy; Mary Mitchell (now known as Mary Callagy); Jeanine Elzie; and Stephen Callagy | Daniel J. O'Hanlon<br>Danielle R. Teeters<br>Kronick Moskovitz Tiedemann & Girard<br>400 Capitol Mall, 27th Floor<br>Sacramento, CA 95814<br>(916) 321-4500 * (916) 321-4555<br>donhanlon@kmtg.com<br>dteeters@kmtg.com<br><br>Attorneys for Fred Skovgard |
| Christopher S Riley<br>Barnes & Thornburg<br>121 West Franklin Street, Suite 200<br>Elkhart, IN 46516<br>phone: 574-293-0681<br><br>Attorneys for American West Explosives, Golden State Explosives, and ETI | Donald J Hensel<br>Bartell & Hensel<br>5053 La Mart Dr<br>Riverside, CA 92507<br>phone: 951-788-2230<br>djbartel@pacbell.net<br><br>Attorneys for American West Explosives, Golden State Explosives, and ETI |
| Michael Hickok<br>2029 Century Park East,<br>Suite 2500,<br>Los Angeles, California 90067<br>(310) 277-5082 * (310) 277-5387 (fax)<br>mhickok@unidial.com<br><br>Attorney for The Marquardt Company | Stephen C. Lewis<br>Donald E. Sobelman<br>J. Thomas Boer<br>Estie M. Kus<br>Barg Coffin Lewis & Trapp, LLP<br>350 California Street, 22nd Floor<br>San Francisco, CA 94104-1435<br>(415) 228-5400 * (415) 228-5450 Fax<br>scl@bcltlaw.com<br>des@bcltlaw.com<br>tjb@bcltlaw.com<br>emk@bcltlaw.com<br><br>Attorneys for The Ensign-Bickford Company |