UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CITY OF COLTON, a California municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PROMOTIONAL EVENTS, INC., et al.<br><br>Defendants. | Case No. ED CV 09-01864PSG (SSx)<br><br>[Consolidated with Case Nos. CV 09-06630 PSG (SSx), CV 09-06632 PSG (SSx), CV 09-07501 PSG (SSx), CV 09-07508 PSG (SSx), and CV 10-00824 PSG (SSx)]<br><br>[PROPOSED] **ORDER GRANTING MOTION FOR RECONSIDERATION OF DISMISSALS WITH PREJUDICE OF CLAIMS OF THE UNITED STATES**<br><br>Judge: Hon. Philip S. Gutierrez |

Pending before the Court is the motion of the United States for reconsideration of the Court's Order of August 10, 2010 (Doc. # 482) dismissing with prejudice the claims in the United States' complaint, and the counterclaims in its answer, in the above consolidated action, against Goodrich Corporation ("Goodrich"); Black and Decker, Inc., West Coast Loading Corporation; Kwikset Locks, Inc.; American Hardware Corporation; Emhart Industries, Inc.; Pyro Spectaculars, Inc. ("PSI"); and Ken Thompson, Inc. (hereinafter "Dismissed Defendants"), and the Court being fully advised, the motion for reconsideration is hereby GRANTED.

In dismissing the United States' claims against all Moving Defendants (except Rialto Concrete Products), the Court relied on the premise that the Dismissed Defendants asserted CERCLA Section 107 claims against the United States in the 2005 Colton Action, thus triggering the United States' obligation to counterclaim. Civil Minutes, Doc. # 482, at 14 (hereinafter "Mem. Opinion"). Specifically, the Court found that in the 2005 Colton Action, the Dismissed Defendants sued the United States

Department of Defense (DoD) *under Section 107 of CERCLA* pursuant to the second case management order of March 2006 (Exhibit 11, Doc. 322-12), which allowed defendants to assert deemed claims against other defendants under Section 107. The second case management order did not apply to DoD, because it was a "cross-defendant" not a "defendant". (Exhibit 11, Doc. 322-12, at 231). The parties agree that in the 2005 Colton Action no 107 Claim was in fact asserted against DoD.

The only claims asserted against DoD were deemed claims for *contribution* pursuant to the *first* case management order of October 2005, which applied to future appearing "cross-defendants," such as DoD. (Exhibit 8, Doc. 322-9, at 180-81.) A claim for contribution or implied indemnity, however, is contingent on the primary claim, and does not require the assertion of a compulsory counterclaim under Rule 13. Holmes v. MTD Products, Inc., 2009 WL 1118771, 4 (E.D. Cal. 2009); Rainbow Mgmt. Group, Ltd. v. Atlantis Submarines Hawaii, L.P., 158 F.R.D. 656, 660 (D. Haw. 1994); see also Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 n. 11 (3rd Cir. 1999) (dicta), cert. denied, 528 U.S. 878, 120 S. Ct. 188, 145 L.Ed. 158 (1999); Hall v. General Motors Corp., 647 F.2d 175, 184 (D.C. Cir. 1980); Chicago Freight Car Leasing Co. v. Martin Marietta Corp., 66 F.R.D. 400, 402-03 (N.D. Ill.1975); Hartford Accident & Indemnity Co. v. Levitt & Sons, Inc., 24 F.R.D. 230, 232 (E.D. Pa. 1959).

Only a substantive claim (not contribution or implied indemnity) such as a claim under Section 107 of CERCLA, 42 U.S.C. § 9607, makes a co-party defendant an "opposing party" within the language of Rule 13, requiring the assertion of a compulsory counterclaim. Rainbow Mgmt. Group, 158 F.R.D. at 660 (co-defendants become opposing parties once substantive cross-claim is filed by one co-defendant against the other, and contribution and indemnification are not substantive claims); accord Kirkcaldy v. Richmond County Bd. of Educ., 212 F.R.D. 289, 297-98 (M.D.N.C. 2002); cf. Kane v. Magna Mixer Co., 71 F.3d 555, 562 (6th Cir. 1995) (in business acquisition, parties to the transaction gave mutual *contractual* indemnities, and assertion of *contractual* indemnity claim by one party to the transaction required

the other to assert complementary indemnity claim), cert. denied, 517 U.S. 1220, 116 S. Ct. 1848, 134 L.Ed. 949 (1996).

Because the Court mistakenly concluded that Section 107 claims for cost recovery were asserted against the United States, but in fact only deemed *contribution* claims were asserted, the Court hereby vacates the order of August 10, 2010 and denies the motions to dismiss the United States' complaint and counterclaims.

Even if the Court were to decide that the assertion of a contribution claim requires a co-party to assert a compulsory counterclaim, the dismissal should be vacated for additional grounds. In dismissing the claims of the United States with prejudice, the Court relied on its finding that the 2005 Colton Action had closed, and the United States could therefore never seek leave to assert a counterclaim by amendment in that action. Mem. Opinion, at 19. This premise is no longer accurate. Goodrich and PSI appealed the dismissal in the 2005 Colton Action, and on August 2, 2010, just prior to the Court's August 10 ruling, the United States Court of Appeals for the Ninth Circuit reversed Judge Walter's 2006 dismissal without prejudice of the CERCLA Section 107 claims asserted by Goodrich and PSI in the 2005 Colton Action, and ordered those claims remanded to the District Court. See City of Colton v. American Promotional Events, Inc.-West, 2010 WL 3006434, 1 (9th Cir. 2010). The 2005 Colton Case is now pending again before Judge Walter. The Section 107 claims of Goodrich and PSI will go forward in the 2005 Colton Action, and under the deemed claims procedure in that action, the Section 107 defendants will have deemed *contribution* claims against each other and all other Defendants, including DoD. (Exhibit 8, Doc. 322-9, at 181.)

The assertion of a contribution claim is insufficient to require the contribution defendant to assert a compulsory counterclaim, but even if it were, when two cases are pending in which a defendant may file a compulsory counterclaim, the defendant may file in either of the cases. Southern Const. Co. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed. 31 (1962); Dragor Shipping Corp. v. Union Tank Car Co., 378 F.2d

241, 244 n. 3 (9th Cir 1967). The 2005 Colton Action is not closed, and a counterclaim may be asserted in these consolidated cases or the 2005 Colton Action. "Of course once this counterclaim has been adjudicated in one of the actions it cannot be reasserted in the other." Southern Const. Co. v. Pickard, 371 U.S. at 61 n. 3, 83 S.Ct. at 111 n.3.

A third reason that the United States did not waive its CERCLA claims in the 2005 Colton Action is that any alleged waiver occurred in connection with claims that were dismissed without prejudice. The Court found there was no waiver by the United States of its counterclaims based on the 2004 Rialto/2006 Colton Consolidated Action, because that action was dismissed without prejudice, thus "leaving the situation as if the action never had been filed." Mem. Opinion, at 15. The contribution claims against DoD in the 2005 Colton Action were not adjudicated and were therefore dismissed by Judge Walter in the 2005 Colton Action without prejudice. City of Colton v. American Promotional Events, Incorporated-West, 2006 WL 5939685, 1-3 (C.D. Cal. 2006), vacated in part, City of Colton v. American Promotional Events, Inc.-West, 2010 WL 3006434 (9th Cir. 2010), and aff'd in part, 2010 WL2991399 (9th Cir. 2010), petition for cert. filed, (No. 10-284 August 23, 2010). Any dismissal without prejudice, whether voluntary or involuntary, has the same result -- the claim is treated as if it had never been brought. Biomedical Patent Management Corp. v. California, Dept. of Health, 2006 WL 1530177, 4 (N.D. Cal. 2006) ("Courts and commentators have consequently interpreted a dismissal without prejudice under Rule 41(b), like a dismissal without prejudice under Rule 41(a), to 'leave[ ] the situation as if the action never had been filed.'"), aff'd, 505 F.3d 1328 (Fed. Cir. 2007), cert. denied, 129 S.Ct. 895, 173 L.Ed. 106 (2007). Therefore, the contribution lawsuits against DoD in the 2005 Colton Action, having been dismissed involuntarily and without prejudice, should be treated as if they were never filed, just as the claims asserted in the 2004 Rialto/2006 Colton case. Thus, no waiver applies to any counterclaim the United States could have asserted in response. Biomedical Patent

Management Corp., 2006 WL 1530177 at 5 ("The court therefore finds that DHS has not waived its sovereign immunity in this suit solely because it waived immunity in the 1997 lawsuit, which was dismissed without prejudice.").

Finally, Rule 7 of the Federal Rules of Civil Procedure authorizes only specific responsive pleadings, including an answer to a cross-claim and an answer to a third party complaint. See Fed.R.Civ.P. 7(a). The only actual responsive pleading ever served in the Colton 2005 Action by DoD was the answer to the PSI cross-complaint. (Exhibit 9, Doc. 322-10). The Court, in discussing the deemed claim procedure in the first case management order in the 2005 Colton Action, stated in the memorandum opinion that "defendants were also deemed to have denied these cross-claims in their respective answers." Mem. Opinion, at 4. Judge Walter's first case management order in the 2005 Colton Action, however, dispensed with the need to serve an answer to deemed contribution claims. (Exhibit 8, Doc. 322-9, at 181.) The order stated that claims of contribution were not only deemed made, but the claims were also deemed denied. (Exhibit 8, Doc. 322-9, at 181.) Any defenses in a party's answer were also deemed asserted as to the deemed claims. (Exhibit 8, Doc. 322-9, at 181.) "No further responsive pleading by a Defendant to a deemed cross-claim shall be required." (Exhibit 8, Doc. 322-9, at 181.) Because there was no answer to deemed claims, there was no service of an answer to the deemed claims, and under these circumstances, Rule 13 did not require assertion of a counterclaim. Bluegrass Hosiery, Inc. v. Speizman Industries, Inc., 214 F.3d 770, 772-73 (6th Cir. 2000); ICD Holdings S.A. v. Frankel, 976 F. Supp. 234, 237 n.2 (S.D.N.Y. 1997). In fact, the rules do not permit the assertion of a counterclaim unless set forth in an answer. Bernstein v. IDT Corp., 582 F. Supp. 1079, 1089 (D. Del. 1984). By disabling a portion of the Federal Rules of Civil Procedure requiring an answer and service of an answer, the case management order rendered inoperative portions of Rule 13 that were triggered by service of an answer.

The Court will also clarify that not all of the United States' claims should have been dismissed with prejudice. Section 107 of CERCLA, 42 U.S.C. § 9607, does not create a claim for relief for the recovery of future costs. The United States is allowed to recover only "costs of removal or remedial action <u>incurred</u>." 42 U.S.C. § 9607(a)(4)(A) (emphasis added). The statute directs a court to enter a declaratory judgment on liability as to costs incurred that will be binding on liability for future costs that will be proven recoverable. 42 U.S.C. § 9613(g)(2); <u>see</u> <u>City of Colton v. American Promotional Events, Inc.-West,</u> 2010 WL 2991399, 4-5 (9th Cir. 2010) ("In section 113(g)(2), Congress specified a mechanism whereby a declaration of liability for costs already incurred has preclusive effect in future proceedings as to costs yet to be incurred.") Here, the only answer served by DoD was served on December 22, 2005. (Exhibit 9, Doc. 322-10). To the extent any claims for CERCLA response costs are barred by Rule 13 as compulsory counterclaims, the only costs that would be subject to the rule would be costs incurred prior to December 22, 2005. Claims arising after the service of an answer are not compulsory, but are permissive. <u>Arch Mineral Corp. v. Lujan</u>, 911 F.2d 408, 412 (10th Cir. 1990); <u>Johnson v. Con-Vey/Keystone, Inc.</u>, 856 F. Supp. 1443, 1450 (D. Or. 1994).

Similarly, the United States' request for injunctive relief pursuant to Section 7003 of RCRA, 42 U.S.C. § 6973, is not a claim arising out of the same transaction or occurrence as the parties' CERCLA claims relating to past costs because it focuses on present conditions and future threats. <u>United States v. Northeastern Pharm. & Chem. Co.</u>, 810 F.2d 726, 740 (8th Cir. 1986), <u>cert. denied</u>, 484 U.S. 848, 108 S. Ct. 146, 98 L.Ed. 102 (1987); 42 U.S.C. § 6973(b). An endangerment is imminent if there is a present threat even though "the impact of the threat may not be felt until later." <u>Meghrig v. KFC Western, Inc.</u>, 516 U.S. 479, 485-86, 116 S. Ct. 1251 (1996) (quotations omitted).

The exercise of equitable abatement powers under Section 7003 of RCRA is not equivalent to a CERCLA claim for response costs. A request for injunctive relief is to abate present conditions and future threats. To the extent that the United States can show

1  that an imminent and substantial endangerment now exists, the injunctive claim should
2  not be barred as a compulsory claim.  Otherwise, the Court will be depriving EPA of the
3  power to exercise express statutory remedies to hazards that threaten public health or the
4  environment, effectively annulling Section 7003 of RCRA, 42 U.S.C. § 6973.
5          Based on the foregoing, the Court GRANTS the United States' motion to
6  reconsider and denies the motions to dismiss of Goodrich; Black and Decker, Inc., West
7  Coast Loading Corporation; Kwikset Locks, Inc.; American Hardware Corporation;
8  Emhart Industries, Inc.; ("PSI"); and Ken Thompson, Inc. (CV 10-0824 Doc. #18, Doc.
9  # 60; CV 09-1864, Doc. # 321;  Doc. # 408).
10                  IT IS SO ORDERED.