O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** (In Chambers) Order Denying Emhart Industries, Inc.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Pending before the Court is Emhart Industries, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A hearing on the matter was held on July 19, 2010. After considering the moving and opposing papers, as well as the arguments presented at the hearing, the Court DENIES Emhart Industries, Inc.'s motion.

I. Background

The facts of this CERCLA environmental contamination case are largely irrelevant to the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Emhart Industries, Inc. ("Emhart") and Black & Decker, Inc. ("Black & Decker") (collectively, "Emhart Defendants"). The following facts, however, are important: (1) Emhart was a Connecticut corporation formed in 1976 that allegedly merged into Black & Decker in 1989, (2) Emhart allegedly dissolved in accordance with Connecticut law in 2002, (3) Emhart published a notice of dissolution in the Hartford Courant on March 12, 2002, and (4) the United States filed an action in these consolidated cases against, *inter alia*, Emhart on February 4, 2010 under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") and the Resource Conservation and Recovery Act ("RCRA"). The question before the Court is whether a Connecticut statute setting a three year time limit for implementing suits against a dissolved corporation bars an otherwise valid claim of the United States against that dissolved corporation.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al*. | | |

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id*.

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id*. (internal quotations omitted).

III.    Discussion

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al*. | | |

Emhart and Black & Decker[1] move to dismiss all claims asserted against them by the United States in *United States of America v. Goodrich Corporation, et al.*, Case No. CV 10-00824 PSG (SSx). As discussed, the question before the Court is whether Emhart can be sued by the United States after Connecticut's three year time bar for asserting claims against a dissolved corporation has run. This motion is reminiscent of an earlier motion decided by this Court concerning a dissolved California corporation's capacity to be sued for claims based on statutes enacted after dissolution. *See City of Colton v. American Promotional Events, Inc., et al.*, No. CV 09-1864 PSG (SSx) (C.D. Cal. Sept. 13, 2010) (consolidated cases), *Dkt.* #498.

Emhart argues that because a corporation's capacity to be sued is determined, according to Federal Rule of Civil Procedure 17(b), by the law of the state in which it was organized, and because Connecticut law generally provides that claims against dissolved corporations are barred unless brought within three years of publication of the corporation's notice of dissolution, the United States' claims, brought nearly 8 years after such publication, are improper. *See Mot.* 10:7-16. In opposition, the United States argues that the United States, when acting in its sovereign capacity, cannot be prevented by state imposed time limitations from asserting otherwise valid claims. *See Opp'n* 3:10-13. For the reasons that follow, the Court DENIES the Emhart Parties' motion for to dismiss.

    A.    <u>The Law Applicable in this Case</u>

        1.    <u>Rule 17(b) and *Levin Metals*</u>

Federal Rule of Civil Procedure 17(b)(2) provides that a corporation's capacity to be sued is determined "by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). In *Levin*

---

[1] The Court's determination that the United States can assert claims against Emhart moots Emhart's argument that "because the United States' claims against Emhart are barred . . . the United States may not attempt to enforce those claims against Black & Decker" as a successor to liabilities. *Mot.* 12:16-20. The Emhart Defendants also argue in the Reply that the United States has insufficiently pleaded that Black & Decker is the corporate successor to the liabilities of Emhart. *See Reply* 11:6-15. The issue of Black & Decker's successor liability was not raised in the motion and the Court makes no determination about Black & Decker's liabilities. *See* L.R. 7-4; *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al*. | | |

*Metals Corp. v. Parr-Richmond Terminal Co.*, 817 F.2d 1448 (9th Cir. 1987), the Ninth Circuit concluded that CERCLA—one of the laws at issue in this case—does not preempt Rule 17(b)(2) and that a dissolved corporation's capacity to be sued under CERCLA is governed by the law of the state of its incorporation. *See* 817 F.3d at 1451. The Ninth Circuit also determined that the lower court correctly interpreted and applied California corporate law in holding that California law did not permit the assertion of a CERCLA cause of action against a corporation that dissolved nine years before CERCLA was enacted. *See id*. Because Connecticut, not California law, provides the rule of decision for the pending motion, the *Levin Metals* interpretation of California law does not apply here, but the Ninth Circuit's determination that Rule 17(b) applied does. As a result, the Court must determine whether Connecticut law bars the United States' claims in this case.[2]

        2.      <u>Connecticut Law Related to Dissolved Corporations</u>

In the past, Connecticut law provided that "[d]issolution terminates the corporate existence of the corporation." Conn. Gen. Stat. § 33-378 (repealed, 1997). In 1997, however, that law terminating the existence of the corporation upon dissolution was repealed and replaced with a "survival statute" providing that "[a] dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including . . . discharging or making provision for discharging its liabilities." Conn. Gen. Stat. § 33-884. Although a dissolved corporation's "corporate existence" now apparently continues indefinitely, Connecticut law provides that a claim against a dissolved corporation is barred unless commenced "within three years after the publication" of notice of dissolution in a "newspaper of general circulation in the county where the dissolved corporation" was located. Conn. Gen. Stat. § 33-887(b)-(c).

        B.      <u>Whether the United States' Claims Are Barred by Connecticut Law</u>

Emhart's arguments as to why the United States' claims are barred fall into two general categories: (1) Connecticut's corporate dissolution law effectively kills a corporation and the federal government has no authority to revive an otherwise "dead" corporation for any purpose,

---

[2] The Court disagrees with the United States' position that *Levin Metals* is inapplicable to this case. *See Opp'n* 10:5-6. As explained above, the *Levin Metals* holding that federal courts must look to state law via Rule 17(b)(2) to determine a corporation's capacity to be sued is applicable.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc._, et al._ | | |

and (2) Connecticut law is a time bar prohibiting all claims against Connecticut dissolved corporations three years after publication of notice of dissolution.

      1.     Connecticut Corporations Continue Their Existence After Dissolution

Emhart quotes the United States Supreme Court decision in *Chicago Title & Trust Co v. Fort-One Thirty-Six Wilcox Bldg. Corp.* for the proposition that the "since the Federal Government is powerless to resurrect a corporation which the state has put out of existence for all purposes, the conclusion seems inevitable that, if the state attach qualifications to its sentence of extinction, nothing can be added to or taken from these qualifications by federal authority." *Reply* 4:18-22 (quoting *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, 302 U.S. 120, 128, 58 S. Ct. 125, 82 L. Ed. 147 (1937)). Before arriving at that conclusion, however, the Supreme Court explained that because corporations exist under "the express law of the state or sovereignty by which it was created" and because "dissolution puts an end to its existence, the result of which may be likened to the death of a natural person," then "[t]here must be some statutory authority for the prolongation of its life, even for litigation purposes." *Id.* at 125; *see also id.* at 122-23 (Illinois law in *Chicago Title & Trust* provided that after dissolution, "corporate capacity [shall extend] for two years for [ limited] purpose[s]"). In essence, Emhart cites to *Chicago Title* and related authority to argue that once a Connecticut corporation is dead, the United States has no authority to breathe life back into it to haul it into court. The problem with Emhart's position is that after Connecticut amended its corporate dissolution laws in 1997, a Connecticut corporation does not "die"—thus necessitating resurrection for litigation—as corporations did in the past.

As discussed above, Connecticut changed its corporate dissolution laws in 1997 to embrace the idea that "[a] dissolved corporation continues its corporate existence but may not carry on any business" except those things needed to wind up its affairs. In doing so, Connecticut abandoned the older theory that "dissolution terminates the corporate existence of a corporation." *Compare* Conn. Gen. Stat. § 33-884, *with* Conn. Gen. Stat. § 33-378 (repealed, 1997). Interpreting a similar corporate dissolution statute applicable to California corporations, the California Supreme Court all but rejected the Ninth Circuit's holding in *Levin Metals* that a corporation does not have the capacity to be sued after its dissolution and explained that unlike dissolution under the common law, California law makes it such that a "corporation's dissolution is best understood not as its death, but merely as its retirement from active business." *Penasquitos, Inc. v. Super. Ct.*, 53 Cal. 3d 1180, 1190, 812 P.2d 154 (1991). As a dissolved

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al*. | | |

Connecticut corporation clearly no longer "dies," but continues its "existence," *see* Conn. Gen. Stat. § 33-884, Emhart's reliance on *Chicago Title* is misplaced. Therefore, in applying Connecticut law, as required to do by Federal Rule of Civil Procedure 17(b)(2), the Court notes that dissolution in Connecticut does not make a corporation incapable of being sued. In fact, a corporation is fully amenable to suit so long as suit is commenced within the three-year time frame established by the Connecticut legislature, the second category of Emhart's arguments.[3]

> 2. <u>State Imposed Time Bars Generally Do Not Operate on Claims Asserted by the United States</u>

Under normal circumstances, the Court would accept Emhart's position that because certain claims in this case were not filed until more than three years after Emhart published notice of its dissolution pursuant to Connecticut law, the claims are barred. Nevertheless, the United States Supreme Court has made it clear that the United States, acting in its sovereign capacity, is usually not restricted by state imposed time limitations from bringing otherwise valid claims under federal statutes. *See United States v. Summerlin*, 310 U.S. 414, 60 S. Ct. 1019, 84 L. Ed. 1283 (1940). In fact, even where the subject matter of the law is generally left to the states, as are the rules governing estates, the United States may still bring claims outside the statutorily prescribed time. *See id.*

In *United States v. Summerlin*, the Federal Housing Administrator was assigned a claim against a decedent's estate and sought to assert that claim notwithstanding a state statute providing a time bar of eight months to assert any claim against an estate following publication

---

[3] The Court also notes the Ninth Circuit's decision in *Louisiana-Pacific Corp. v. Asarco, Inc.*, 5 F.3d 431 (9th Cir. 1993). In that case, the Ninth Circuit cited heavily to its decision in *Levin Metals* and held that Washington state law terminates a dissolved corporation's capacity to be sued after the applicable statute's two year time period following dissolution runs. *See id.* at 433-34. Like in *Levin Metals* where the Ninth Circuit offered its interpretation of California law—upon which the California Supreme Court later cast significant doubt in *Penasquitos*—the *Asarco* court interpreted Washington state law to reach its conclusion. *Id.* In this case, the Court applies the principal gleaned from both Ninth Circuit cases that Federal Rule of Civil Procedure 17(b)(2) requires the Court to look to Connecticut law to determine a dissolved corporation's capacity to be sued, but does not apply the Ninth Circuit's interpretation of other states' respective laws to the Connecticut law in question.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al*. | | |

of notice to creditors.  *See id.* at 414-15.  The Supreme Court unanimously held that although the United States filed its claim outside of the statutory period, state law could not bar the United States' claim because "to the extent that the state statute purported to render void a claim of the United States, it 'transgressed the limits of state power.'"  *Bresson v. Comm'r of Internal Revenue*, 213 F.3d 1173, 1176 (9th Cir. 2000) (citing *Summerlin*, 310 U.S. at 416).  The Court explained that "[w]hen the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement."  *Id.* at 417 (citations omitted).

The Ninth Circuit follows the *Summerlin* rule as it must, but has explained that separate Supreme Court cases limit its application, namely *Guaranty Trust Co. v. United States* and *United States v. California*.  More specifically, the Ninth Circuit in *Bresson v. Comm'r of Internal Revenue* explained that while the *Summerlin* rule prevents a state statutorily imposed time bar from preventing the United States from asserting a valid federal claim, it does not alter a claim that had already become invalid by the time the United States acquired it.  *Bresson*, 213 F.3d at 1176 (citing *Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S. Ct. 785, 82 L. Ed. 1224 (1938)).  For example, the United States cannot assert a claim first assigned to it after a state statute of limitations had run, as the claim was deficient before the United States obtained it.  *See id.*  In addition, the *Bresson* court explained that *Summerlin* applies  (1) " when 'the right at issue [is] obtained by the government through, or created by, a federal statute,' and (2) when 'the government [is] proceeding in its sovereign capacity.'" *Id.* at 1177 (quoting *United States v. California*, 507 U.S. 746, 757, 113 S. Ct. 1784, 123 L. Ed. 2d 528 (1993)).

After analyzing the extent to which the *Summerlin* rule applies to claims asserted by the United States, the Ninth Circuit in *Bresson* held that the United States could pursue a tax deficiency claim against an individual taxpayer in connection with a fraudulent transfer of real property.  *See Bresson*, 213 F. 3d at 1173-74, 78.  Ordinarily, the California Uniform Fraudulent Transfer Act prohibited claims asserted more than four years after the fraudulent transfer at issue.  *See id.* at 1173-74.  The Internal Revenue Service did not serve its deficiency notice on the taxpayer until after the "extinguishment" period expired.  *Id.*  Despite the United States' delay, the Ninth Circuit, citing *Summerlin*, permitted the United States' claim to go forward because the United States was acting in its sovereign capacity and pursuing a claim grounded in a federal statute.  *Id.* at 1175, 1177-78.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc.*, et al.* | | |

     In this case, application of the *Summerlin* rule as explained by later cases is proper. The United States argues, and Emhart does not contend otherwise, that it did not acquire the claims in this case after they expired. *See Opp'n* 9:9. In addition, Emhart does not challenge the fact that the United States is asserting its CERCLA and RCRA claims—notably, both federal statutes—in anything other than its sovereign capacity. As a result, the rule identified by the Supreme Court in *Summerlin* prevents Connecticut's three year time limitation for claims against dissolved corporations from barring claims asserted by the United States in this case.

     Emhart argues that *Summerlin* is inapplicable because of the Ninth Circuit's decision in *United States v. Thornburg*, 82 F.3d 886 (9th Cir. 1996). In that case, the issue was "whether the United States [could] maintain an action to foreclose on [a mortgage] even though it [was] barred under [28 U.S.C.] section 2145(a) from enforcing its right to collect money damages on [a note]." *Id.* at 892. The appellees argued that because state lien laws provided that a lien was extinguished whenever the statute of limitations for actions upon the principal obligation runs, the United States could not foreclose on the mortgage as the federal limitations period had expired. *Id.* The Ninth Circuit disagreed and held that the state law effectively created a statute of limitations, which did not apply to the United States because of *Summerlin*. *Id.* In so holding, the Ninth Circuit noted that "[t]he Supreme Court has instructed that, as a sovereign, the United States is subject to a limitations period only when Congress has expressly created one." *Id.* at 893. Emhart argues that Congress has in fact expressly created a statute of limitations in this case by way of Rule 17(b), thus making *Summerlin* inapplicable. *See Reply* 9:15-17. The Court disagrees as the only statute of limitations that Congress expressly created with respect to claims under CERCLA and RCRA are located within CERCLA and 28 U.S.C. § 2462, respectively. *See* 42 U.S.C. § 9613(g) (CERCLA's relevant limitations periods); *Mayes v. EPA*, No. CV 05-478 TAV, 2008 WL 65178, at *7 (E.D. Tenn. Jan. 4, 2008) (noting that because RCRA does not contain its own statute of limitations, the 5 year statute of limitations found at 28 U.S.C. § 2462 applies).

IV.    Conclusion

     Connecticut law provides that dissolved corporations exist indefinitely for purposes of winding up business and are capable of being sued. The main limitation in suits against dissolved corporations is Connecticut's three year statutorily imposed time limit. However, the United States is generally not subject to state imposed time limits barring the assertion of otherwise valid federal law claims. Here, the United States is asserting federal law claims and,

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-1864 PSG (SSx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc._, et al._ | | |

for the foregoing reasons, it is not barred from doing so by Connecticut law.  Accordingly, Emhart's motion to dismiss is DENIED.

   **IT IS SO ORDERED.**