UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 09-1864 PSG (SSx) | Date | May 26, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Emhart's Motion for Reconsideration or Alternatively to Certify Interlocutory Appeal

Pending before the Court is Emhart's Motion for Reconsideration, or Alternatively to Certify Interlocutory Appeal related to this Court's December 21, 2010 Order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the Motion.

I.  Background

On December 21, 2010, this Court issued an Order in this, *inter alia*, Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") lawsuit denying Emhart Industries, Inc.'s ("Emhart") Motion for Summary Judgment, denying Goodrich Corporation's ("Goodrich") Motion for Partial Summary Judgment, and denying Pyro Spectacular, Inc.'s ("PSI") Motion for Partial Summary Judgment. *See* Dkt. #554 (the "December 21 Order"). All of the motions concerned the extent to which Emhart Industries, as a successor corporation, assumed the liabilities of Kwikset Locks, Inc. ("KLI"). Specifically, Emhart argued that when it, via American Hardware Corporation, acquired KLI though tender offer, it only assumed, via an Assumption Agreement, "all debts, liabilities and obligations of [KLI] *in existence on the date of such distribution and transfer of its assets and business*, contingent or otherwise known or unknown." *See* Dkt. #554 at 4-5. Because the asset transfer took place in 1958, Emhart reasoned that environmental liabilities based on CERCLA, which was not enacted until 1980, could not possibly have been included in the scope of the Assumption Agreement. *See* Dkt. #554 at 11. However, the actual Assumption Agreement was

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#583**

CIVIL MINUTES - GENERAL

| Case No. | EDCV 09-1864 PSG (SSx) | Date | May 26, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al.* | | |

lost and the language offered by Emhart differed from language offered by the other parties. *See* Dkt. #554 at 6-7.

In response to Emhart's Motion for Summary Judgment, PSI filed a cross-Motion for Partial Summary Judgment asserting that even accepting the language offered by Emhart, Emhart, at the very least, assumed KLI's CERCLA liabilities. *See* Dkt. #554 at 9. Although the Court denied all the motions, the Court nevertheless determined that, taking Emhart's understanding of which liabilities it assumed from KLI as true, Emhart still assumed KLI's CERCLA liabilities if those liabilities are established. *See* Dkt. #554 at 10. Under the Court's authority to revise its decisions pursuant to Federal Rule of Civil Procedure 54(b), Emhart now seeks reconsideration of that aspect of the Court's December 21 Order, or, in the alternative, certification for interlocutory appeal.

II.     Motion for Reconsideration

   A.    Legal Standard

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003) (internal quotation marks omitted). Further, Local Rule 7-18 provides that: "A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." Importantly, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18.

   B.    Discussion

First, Emhart claims the Court erred by failing to mention the California cases of *Swenson* and *Equitable Building & Trust*, and concludes that, in doing so, the Court must have failed to consider the cases. Not so. While Emhart's position that *Swenson* and *Equitable Building & Trust* are relevant to assumption agreements and contracts governed by California law may be correct, their relevance only takes the Court so far. PSI's Motion for Partial Summary Judgment

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#583

CIVIL MINUTES - GENERAL

| Case No. | EDCV 09-1864 PSG (SSx) | Date | May 26, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al.* | | |

on the specific issue of assumption of CERCLA liability was predicated, in part, on CERCLA's retroactive application. Plainly, neither *Swenson* or *Equitable Building & Trust* dealt specifically with laws enacted subsequent to the execution of an agreement, but applied retroactively.

Instead, the Court emphasizes its earlier statement that "[t]he language that Emhart offers as that in the Assumption Agreement is broad enough for . . . Emhart[] to assume KLI's CERCLA liability." Dkt. #554 at 11. In other words, the language that Emhart insists reflects the actual Assumption Agreement clearly indicates the assumption of CERCLA liabilities, as the December 21 Order makes clear:

> Specifically, Emhart says that [it] assumed 'all debts, liabilities and obligations,' which were 'contingent or otherwise known or unknown.' The only qualifying language in the agreement that Emhart can point to as limiting [its] liabilities[] is 'in existence.'

*Id.* This language, providing for the assumption of "all debts, liabilities and obligations," regardless of whether they are "contingent" or "unknown," is clear and includes CERCLA liabilities. As explained, the only modifier that may affect this conclusion is the Assumption Agreement's requirement that the liabilities be "in existence." However, as the Court explained in the December 21 Order, this matters not and "[t]here are many precedents for the proposition that CERCLA liability can be assumed by a pre-CERCLA agreement if the agreement contains 'language broad enough to allow us to say that the parties intended to transfer either contingent environmental liability, or all liability.'" *United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1233, 1241 (E.D. Cal. 1997). This is because "[w]hen Congress enacted CERCLA, it enabled the federal government to provide an efficacious response to environmental hazards and to assign the cost of that response to the parties who created or maintained the hazards. Accordingly, Congress was unlikely to leave a loophole that would enable corporations to die 'paper deaths, only to rise phoenix-like from the ashes, transformed, but free of their former liabilities.'" *North Shore Gas Co. v. Salomon, Inc.*, 152 F.3d 642, 649 (7th Cir. 1998) *overruled on other grounds by Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983 (7th Cir. 2010). Thus, to the extent Emhart argues that the Court ignored applicable law, it is incorrect; to the extent that it is an upset party aggrieved by the Court's December 21 Order, that is not a basis for reconsideration.[1]

---

[1] Emhart also contends that the Court erred in its analysis of the de facto merger doctrine and the term "in existence" in the Assumption Agreement, but provides no explanation as to why

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

#583

| Case No. | EDCV 09-1864 PSG (SSx) | Date | May 26, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al.* | | |

III.   Motion to Certify a Question for Interlocutory Review

In the alternative, Emhart seeks certification of the following question for interlocutory appeal: "Does California contract law, and thus the rule in *Equitable Bldg.* and *Swenson*, govern the interpretation of the admissible evidence of the content of the missing Assumption Agreement in this federal action brought under CERCLA and RCRA?" *Mot.* 2:7-10.

A.   Legal Standard

"A party seeking review of a nonfinal order must first obtain the consent of the trial judge," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978), who has the discretion to certify a decision for interlocutory review if all of the following statutory elements are met: (1) the order "involves a controlling question of law;" (2) there is a "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the termination of the litigation." 28 U.S.C. § 1292(b); *see also United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal issues which, if decided in favor of the appellant, would end the lawsuit."). Interlocutory review should be allowed only under "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475. As a result, the moving party bears the burden of establishing § 1292's narrowly construed elements.

B.   Discussion

Emhart offers only one question to be decided by the Ninth Circuit if this Court permits interlocutory review: Whether *Swenson* and *Equitable Bldg.* apply to the language of the Assumption Agreement in this case. In denying Emhart's request for interlocutory appeal, it is sufficient to say that an appeal on that question will "materially advance the termination of the litigation." *See* 28 U.S.C. § 1292(b). No matter how the Ninth Circuit rules on this legal issue, Emhart, and others, will still be a party to the lawsuit, litigating the factual disputes about the Assumption Agreement and, as recognized by Emhart, "prepar[ing] for trial." *Mot.* 11:17. Additionally, as pointed out by the United States, "even if an appellate court were to agree with Emhart . . . it would still need to engage in additional legal analysis and an extensive factual review about the scope of the missing assumption agreement," thus, failing 28 U.S.C. §1292(b)'s

---

reconsideration is appropriate for a reason other than disappointment in the outcome.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#583**

CIVIL MINUTES - GENERAL

| Case No. | EDCV 09-1864 PSG (SSx) | Date | May 26, 2011 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., *et al.* | | |

requirement that the appeal focus on a "controlling question of law." *United States' Opposition* 4:15-18; *see also Ahrenholz v. Bd. Of Trs. Of the Univ. of Illinois*, 219 F.3d 674, 675-77 (7th Cir. 2000) (requiring that an interlocutory appeal concern a "pure" question of law).

Emhart's motion does not present an exceptional circumstance justifying "a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475.

IV.     Conclusion

Emhart has failed to demonstrate that the Court failed to consider relevant law or a material fact in the December 21 Order. Moreover, Emhart has not established the elements required for certification of a question for interlocutory appeal. As a result, the Court DENIES Emhart's Motion in its entirety.

**IT IS SO ORDERED.**