1
2
3
4
5
6
7
8
9
10
11
12

E-FILED 06/10/11
LINK 564

13

## UNITED STATES DISTRICT COURT

14

## CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| CITY OF COLTON, a California municipal corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>AMERICAN PROMOTIONAL EVENTS, INC., et al.,<br><br>       Defendants. | Case No. ED CV 09-1864 PSG (SSx)<br><br>[Consolidated with Case Nos.: CV 09-6630 PSG (SSx), CV 09-6632 PSG (SSx), CV 09-7501 PSG (SSx), CV 09-7508 PSG (SSx), and CV 10-824 PSG (SSx)].<br><br>**[~~PROPOSED~~] ORDER FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND BARRING OF CLAIMS** |
| AND ALL RELATED ACTIONS | Judge: Honorable Philip S. Gutierrez<br>Hearing Date: June 13, 2011<br>Time: 1:30 p.m.<br>Courtroom: 880 |

16
17
18
19
20
21
22
23
24
25
26
27
28

---

1

**[PROPOSED] ORDER FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND BARRING OF CLAIMS**

Zambelli Fireworks Manufacturing Company, Inc., Zambelli Fireworks Company, aka Zambelli Fireworks Internationale, and Zambelli Fireworks Manufacturing Company (collectively, "Settling Defendants") filed a Motion for Determination of Good Faith Settlement and Barring of Claims ("Motion") in the above-captioned action ("Consolidated Action").  The Motion relates to the settlement agreement ("Settlement Agreement") entered into by and between the City of Colton, the City of Rialto, and the Rialto Utility Authority on the one hand, and Settling Defendants on the other hand.  The Settlement Agreement is attached as **Exhibit 1** to the Declaration of Martin N. Refkin, submitted with the Motion.

This matter came on regularly for hearing before this Court on June 13, 2011 in Department 880, before the Honorable Philip S. Gutierrez.  After considering the moving and opposition papers and declarations of counsel, the Settlement Agreement submitted to the Court for approval, and the record as a whole, the Court hereby finds that the Settlement Agreement entered into by and between the Settling Defendants and the City of Colton, the City of Rialto, and the Rialto Utility Authority, was entered into in good faith and is fair, reasonable and consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9601, *et seq*., Resource Conservation and Reclamation Act ("RCRA"), federal common law, California Code of Civil Procedure sections 877 and 877.6(2), and state law theories for the apportionment of liability among alleged joint tortfeasors.

The matter having been briefed, argued and submitted for decision, and good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and **IT IS FURTHER ORDERED** that:

1.      The Settlement Agreement attached as Exhibit 1 to the Declaration of

**[PROPOSED] ORDER FOR DETERMINATION OF GOOD FAITH SETTLEMENT
AND BARRING OF CLAIMS**

Martin N. Refkin submitted with the Motion is hereby approved as a good faith settlement and afforded all the rights and protections that accompany this determination.

2.      Section 6 of the Uniform Comparative Fault Act, 12 U.L.A. 147 (1996), in pertinent part, is hereby adopted as the federal common law in this case for the purposes of determining the legal effect of the Settlement Agreement.

3.      The Court further finds and determines that the Settlement Agreement has been entered into in good faith within the meaning of the California Code of Civil Procedure sections 877 and 877.6 and the rule of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488 (1985).

4.      Pursuant to Section 6 of UCFA and Section 877.6 of the California Code of Civil Procedure, any and all claims for contribution or indemnity against the Settling Defendants (as defined in the Settling Agreement), arising out of the facts alleged in the Consolidated Action (except such claims which are specifically reserved by the terms of the Settlement Agreement), regardless of when such claims are asserted or by whom, are barred.  Such claims by any non-settling Party are barred regardless of whether they are brought pursuant to CERCLA section 107, CERCLA section 113, or any other theory, as any claims against the Settling Defendants arising out of the facts alleged in the Consolidated Action are in the nature of contribution claims arising out of a common liability, whether framed in terms of federal or state statute or common law.

5.      All claims, cross-claims and counterclaims and/or any other claims which have been made or were deemed asserted and denied against the Settling Defendants in the Consolidated Action are hereby dismissed with prejudice.

6.      In light of the complexity of this litigation, the public interest in prompt cleanup and the statutory goal of providing finality and certainty, the Court further finds that there is no just reason to delay the entry of final judgment.  Pursuant to

[PROPOSED] ORDER FOR DETERMINATION OF GOOD FAITH SETTLEMENT
AND BARRING OF CLAIMS

Federal Rule of Civil Procedure 54(b), judgment is hereby entered in favor of the Settling Defendants with respect to all claims, cross-claims and counterclaims against said parties in the Consolidated Action.

**IT IS SO ORDERED**.

Dated: ____06/09____, 2011

## PHILIP S. GUTIERREZ

The Honorable Philip S. Gutierrez
United States District Court

**[PROPOSED] ORDER FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND BARRING OF CLAIMS**