E-FILED 12/22/11
#533/1083/1088

**NOTE CHANGES MADE BY THE COURT.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF COLTON, a California municipal corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN PROMOTIONAL EVENTS, INC., et al.,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | Case No. ED CV 09-1864 PSG (SSx)<br><br>[Consolidated with Case Nos.: CV 09-6630 PSG (SSx), CV 09-6632 PSG (SSx), CV 09-7501 PSG (SSx), CV 09-7508 PSG (SSx), and CV 10-824 PSG (SSx)].<br><br>**[AMENDED ~~PROPOSED~~] ORDER DETERMINING GOOD FAITH SETTLEMENT AND BARRING CLAIMS**<br><br>Judge: Honorable Philip S. Gutierrez<br>Hearing Date: July 25, 2011<br>Time: 1:30 p.m.<br>Courtroom: 880 |

The County of San Bernardino ("County"), Robertson's Ready Mix, Inc. ("RRM"), and the Schulz Trust Parties[1] (collectively "Settling Defendants"[2]) filed a

---

[1] The Schulz Trust Parties include the following: Edward Stout; Edward Stout as the Trustee of the Stout-Rodriquez Trust; Elizabeth Rodriquez; John Callagy as Trustee of the Fredricksen Children's Trust Under Trust Agreement Dated February 20, 1985; John Callagy as Trustee of the E.F. Schulz Trust; Linda Fredricksen; Linda Fredricksen as Trustee of the Walter M. Pointon Trust Dated 11/19/1991; Linda Fredricksen as Trustee of the Michelle Ann Pointon Trust Under Trust Agreement Dated February 15, 1985; Linda Fredricksen as Trustee of the E.F. Schulz Trust; John Callagy; Mary Callagy; Jeanine Elzie; Stephen Callagy; Michelle Ann Pointon; and Anthony Rodriquez.

Motion for Determination of Good Faith Settlement and Barring of Claims ("Motion") in the above-captioned action ("Consolidated Action"). The Motion relates to the settlement agreement ("Settlement Agreement") entered into by and between the City of Colton, the City of Rialto, and the Rialto Utility Authority on the one hand, and Settling Defendants on the other hand. The Settlement Agreement is attached as **Exhibit 69** to the Declaration of Martin Refkin, submitted with the Motion.

~~This matter came on regularly for hearing before this Court on _____, 2011 in Department 880, before the Honorable Philip S. Gutierrez.~~ After considering the moving and opposition papers and declarations of counsel, the Settlement Agreement submitted to the Court for approval, and the record as a whole, the Court hereby finds that the Settlement Agreement entered into by and between the Settling Defendants and the City of Colton, the City of Rialto, and the Rialto Utility Authority, was entered into in good faith and is fair, reasonable and consistent with the purposes of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, the Resource Conservation and Recovery Act ("RCRA"), Federal Common Law, California Code of Civil Procedure §§ 877 and 877.6(2), and state law theories for the apportionment of liability among alleged joint tortfeasors.

The matter having been briefed, argued and submitted for decision, and good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and **IT IS FURTHER ORDERED** that:

---

[2] The Settling Defendants include the Settling Defendants, together with certain related Defendants who are not defendants in the lawsuit, including: Robertson's Management, LLC; RRM Properties, LTD; and Robertson's Ready Mix, LTD.

1.     The Settlement Agreement is hereby approved as a good faith settlement and afforded all the rights and protections that accompany this determination.

2.     Section 6 of the Uniform Comparative Fault Act, 12 U.L.A. 147 (1996), in pertinent part, is hereby adopted as the Federal Common Law in this case for the purposes of determining the legal effect of the Settlement Agreement.

3.     The Court further finds and determines that the Settlement Agreement has been entered into in good faith within the meaning of the California Code of Civil Procedure §§ 877 and 877.6 and the rule of *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488 (1985).

4.     Pursuant to Section 6 of UCFA and Section 877.6 of the California Code of Civil Procedure, and CERCLA section 113, any and all claims for contribution or indemnity against the Settling Defendants (as defined in the Settling Agreement), arising out of the facts alleged in the Consolidated Action (except such claims which are specifically reserved by the terms of the Settlement Agreement), regardless of when such claims are asserted or by whom, are barred. Such claims by any non-settling Party are barred regardless of whether they are brought pursuant to CERCLA section 107, CERCLA section 113, or any other theory, as any claims against the Settling Defendants arising out of the facts alleged in the Consolidated Action are in the nature of contribution claims arising out of a common liability, whether framed in terms of federal or state statute or common law. Notwithstanding other terms of this Order, this Order does not bar claims of Fontana Water Company/San Gabriel Valley Water Company or the regulatory claims of federal or state regulatory agencies.

5.     All claims, cross-claims and counterclaims and/or any other claims which have been made or were deemed asserted and denied against the Settling Defendants in the Consolidated Action are hereby dismissed with prejudice, except

for claims expressly reserved in the Settlement Agreement.

6. In light of the complexity of this litigation, the public interest in prompt cleanup and the statutory goal of providing finality and certainty, the Court further finds that there is no just reason to delay the entry of final judgment. Pursuant to *Federal Rule of Civil Procedure* 54(b), judgment is hereby entered in favor of the Settling Defendants with respect to all claims, cross-claims and counterclaims against said parties in the Consolidated Action, except for claims expressly reserved in the Settlement Agreement.

7. The Court retains jurisdiction to oversee implementation of the Settlement Agreement.

**IT IS SO ORDERED**.

Dated: \_\_\_\_\_12/22\_\_\_\_\_, 2011

**PHILIP S. GUTIERREZ**
_____
The Honorable Philip S. Gutierrez
United States District Court