**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:** **(In Chambers) Order GRANTING in part and DENYING in part motion to strike affirmative defenses and GRANTING motion to strike demand for jury trial**

Before the Court is Plaintiff United States of America's ("United States") motion to strike Goodrich Corporation's ("Goodrich") affirmative defenses and demand for jury trial. Dkt. #901. The Court finds the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS in part and DENIES in part the motion to strike affirmative defenses. The motion to strike Goodrich's demand for jury trial is GRANTED.

I.     Background

The parties and the Court are familiar with the background of this case, and the Court will only discuss the matters relevant to the present motion. On May 20, 2011, the United States filed its First Amended Complaint against multiple defendants, including Goodrich. Dkt. #722. The United States brings claims against Goodrich under the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for recovery of response costs incurred by the Environmental Protection Agency ("EPA") due to Goodrich's disposal of hazardous substances in the Rialto-Colton Groundwater Basin. *FAC* ¶¶ 73-75. The United States also seeks a declaratory judgment that Goodrich is liable for future EPA response costs. *Id.* ¶¶ 110, 111. Lastly, the United States seeks an injunction against Goodrich under the Resource Conservation and Recovery Act ("RCRA") to abate imminent contamination of groundwater in the Basin. *Id.* ¶¶ 76-79.

On June 3, 2011, Goodrich filed its Answer, Counterclaim to the United States, and Crossclaims. Dkt. #779. Goodrich's Answer asserts 50 affirmative defenses. *Answer* ¶¶ 112-161. Goodrich also demands a jury trial. *Id.* at 1. In a stipulation filed June 23, 2011, Goodrich agreed that the United States could file its answer or other responsive pleading to Goodrich's Counterclaim on or before August 15, 2011. Dkt. #790. On August 15, 2011, the United States filed the present motion to strike Goodrich's affirmative defenses, as well as Goodrich's demand for a jury trial, under Federal Rule of Civil Procedure 12(f). Dkt. #901. Goodrich subsequently filed an opposition to the United States' motion to strike. Dkt. #998.

In addition, Pyro Spectaculars, Inc., Astro Pyrotechnics, Inc., Trojan Fireworks Company, Emhart Industries, Inc., Kwikset Lock, Inc., Black & Decker, Inc., Thomas O. Peters, The 1996 Thomas O. Peters and Kathleen S. Peters Revocable Trust, Stonehurst Site, LLC, Whittaker Corporation, Ken Thompson, Inc., Rialto Concrete Products, Inc., Environmental Enterprises, Inc., General Dynamics Corporation, Raytheon Company, American Promotional Events, Inc.-West, the Estate of Harry Hescox, and James Hescox, as Personal Representative of the Estate of Harry Hescox, (collectively "Joint Opposing Parties") have all jointly filed an opposition to the United States' motion. Dkt. #996. Even though the United States has only moved to strike portions of Goodrich's Answer, the Joint Opposing Parties filed an opposition because the United States' motion "targets

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

the affirmative defenses of all parties in each of the consolidated cases." *Joint Opp.* 1:3-8.

II.     Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  A court may strike sua sponte or on a motion made by a party before responding to the pleading or within 21 days after being served with the pleading.  Fed. R. Civ. P. 12(f).  To strike an affirmative defense, the moving party must demonstrate "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Cal. Dep. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (quoting *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)).  "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*  "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Alco Pacific*, 217 F. Supp. 2d at 1028.

As a consequence of the limited importance of pleading in federal practice, "[m]otions to strike are generally viewed with disfavor and are not frequently granted." *Lazar v. Trans Union, LLC,* 195 F.R.D. 665, 669 (C.D. Cal. 2000) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).  Motions to strike defenses are rarely granted, since a defendant should be given the opportunity to prove the allegations if there is any possibility the defense might succeed after full hearing on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

the merits. *See Carter-Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366, 368 (S.D.N.Y. 1969).

General disfavor notwithstanding, Courts have been willing to grant motions to strike affirmative defenses in CERCLA cases. *See Alco Pacific, Inc.*, 217 F. Supp. 2d 1028; *United States v. Kramer*, 757 F. Supp. 397 (D.N.J. 1991). The ultimate decision to strike under Rule 12(f) lies within the sound discretion of the court. *See Fantasy*, 984 F.2d at 1528 (reviewing an order striking allegations for an abuse of discretion).

III. Discussion

　　a. Procedural Disputes

As has regrettably become all too common in this case, the Court must wade through various procedural accusations before reaching the merits of this matter. First, the parties dispute whether the United States met its obligation under Local Rule 7-3 to meet and confer with Goodrich. A meet and confer by telephone was scheduled on August 10, 2011. *Dintzer Decl.* ¶ 5. The telephone conference lasted approximately fifteen minutes, but apparently ended when Goodrich refused to continue the conference without a court reporter on the line. *Id.* The United States then took the position that this telephone conference fulfilled the duty to meet and confer. *Id.*, Ex. B. After Goodrich protested that a proper meet and confer had not taken place, the United States offered to meet and confer again if Goodrich would stipulate to a one-week extension for the United States to file its motion. *Rosskam Decl.* ¶ 9. The United States did not receive a response to this offer and thereafter filed its motion. *Id.* Although the Court is extremely displeased with the parties' ongoing inability to cooperate on even the most simple of tasks, this behavior will not prevent consideration of this motion. The motion may assist the Court in narrowing the issues presented in this sprawling litigation. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#901

CIVIL MINUTES - GENERAL

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . .").

Second, the Joint Opposing Parties protest that the United States did not meet and confer with them in regards to this motion. *Joint Opp.* 1:8-14. The United States counters that the motion is directed at Goodrich's Answer alone and, therefore, the United States was only required to meet and confer with Goodrich. *Reply* 11:6-10. Additionally, all parties were aware of the motion and all parties were welcome to participate in the August 10, 2011 conference call regarding the motion. *Id.* Counsel for Pyro Spectaculars, Inc. and the 1996 Thomas O. Peters and Kathleen S. Peters Revocable Trust did in fact participate in that call. *Id.* 11:11-12. While the Court encourages the parties to cooperate before filing any motions, the objections of the Joint Opposing Parties will not prevent the Court from deciding the merits of this motion. The Court has taken into consideration the opposition filed by the Joint Opposing Parties, thus ameliorating any concerns these parties had over not being heard on this issue. Furthermore, it is unclear how there could be a lack of "due process" to any party, when the Court has the authority to strike pleadings sua sponte with no motion practice at all. *See* Fed. R. Civ. P. 12(f)(1) (court may strike matters from pleadings "on its own").

Next, the parties differ over whether the United States' motion to strike is untimely under Federal Rule of Civil Procedure 12(f). Regardless of whether the motion was filed late, the parties do not dispute the Court has the power to consider the motion and also to strike portions of pleadings sua sponte. The Court, therefore, finds it unnecessary to resolve the parties dispute over the timeliness of this motion. Because the motion will streamline issues, the Court will consider the merits of the motion.

Lastly, Goodrich and the Joint Opposing Parties argue the United States' motion runs contrary to the January 20, 2010 Order of this Court. Dkt. #201. In the stipulated Order to consolidate all of the related actions, the Court stated that any answers filed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

this case "shall be deemed to include the affirmative defenses set forth in Exhibit 'A' hereto." *Id.* ¶ 9. Goodrich and the Joint Opposing Parties argue that because these defenses are deemed to have been asserted by all parties in every answer, the United States cannot move to strike any of these defenses. The Court disagrees. The Order deemed certain defenses asserted to ease the pleading burden on the parties. Simply because defenses were deemed asserted, did not mean the Court held these defenses to be meritorious or not subject to a motion to strike. Additionally, the complaint brought by the United States is substantively different than all other complaints in this action. The United States is proceeding in the public interest to ameliorate the conditions in the Rialto-Colton Groundwater Basin. In this unique position, certain defenses may not apply against the United States, where they might apply against a different litigant.

    b.    <u>Goodrich's Affirmative Defenses</u>

Turning to the merits of the motion, many of the defenses the United States seeks to strike may be grouped into categories. The Court will consider each category in turn.

As an initial matter, several facets of the CERCLA statutory regime must be noted. Section 107 of CERCLA "generally imposes strict liability on owners and operators of facilities at which hazardous substances were disposed." *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 870 (9th Cir. 2001). Liability is subject "only to the defenses set forth" in Section 107. 42 U.S.C. § 9607(b). The enumerated defenses cover instances where the release or threatened release of hazardous substances was "caused solely" by: (1) an act of God; (2) an act of war; (3) an act or omission of an unrelated third party, if the defendant also demonstrates that it took due care as to the hazardous substance and took precautions against foreseeable acts or omissions of such unrelated third party and the consequences of such acts or omissions; or (4) any combination of these three occurrences. *Id.* Consideration of Goodrich's affirmative defenses necessarily proceeds under the shadow of CERCLA's narrow language and strict schema.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

    1.    <u>Equitable Defenses</u>

The United States has moved to strike the following "equitable" affirmative defenses: First (Authorized by Law), Second (Pursuant to Contract with United States Government), Fourth (Unclean Hands), Fifth (Laches), Sixth (Estoppel), Tenth (Contributory or Comparative Negligence), Twelfth (Waiver), Twentieth (Superseding or Intervening Cause), Twenty-Eighth (Compliance with Laws), Twenty-Ninth (Undue Delay), Thirty-First (Aggravation of Harm), Thirty-Second (Ratification), Thirty-Third (Unavoidable Circumstances), Thirty-Fourth (Express or Implied Consent), Forty Third (Unjust Enrichment), Forty-Fourth (Failure to Mitigate), and Forty-Seventh (Failure to Comply with Terms of Confidential Memorandum of Understanding).

In light of CERCLA's imposition of strict liability and the limited number of statutory defenses available under CERCLA, courts have stricken affirmative defenses pled under equitable doctrines. *See Alco Pacific*, 217 F. Supp. 2d at 1037-42; *United States v. Western Processing Co.*, 734 F. Supp. 930, 939 (W.D. Wash. 1990). Goodrich states that it "contests" that equitable defenses are not available in a CERLCA action,[1] but essentially makes no argument on the issue. *Opp.* 18:20-27. Rather, Goodrich argues that its equitable defenses are appropriate in opposition to the United States' claim for an equitable injunction under the RCRA, and should be allowed to stand on that basis. *Id.*

As a general matter, equitable defenses are not available when the United States is acting under statute to protect the public interest. *See Pan-American Petroleum & Transp. Co. v. United States*, 273 U.S. 456, 506 (1927) (while equitable defenses may be

---

[1] Goodrich cites one case to support its statement that it "contests" whether these defenses are available under CERCLA. *See United States v. Hardage*, 116 F.R.D. 460, 465-67 (W.D. Okla. 1987). This single out-of-circuit case from 1987 does not overturn the language of Section 107 and the weight of authority holding to the contrary.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

asserted against the United States in a contract suit, equitable defenses "will not be applied to frustrate the purpose of [the United States'] laws or to thwart public policy"). In accord with this general rule, courts have found equitable defenses inappropriate in actions, such as this case, where the EPA seeks to enforce CERCLA and the RCRA. *See United States v. Production Plated Plastics, Inc.*, 742 F. Supp. 956, 961 (W.D. Mich. 1990) (finding equitable defenses do not excuse defendants from liability under the RCRA); *United States v. Vineland Chemical Co.*, 692 F. Supp. 415, 423 (D.N.J. 1988) (striking equitable affirmative defenses against the United States where the United States sued under CERCLA and the RCRA).

     However, the Supreme Court has not entirely foreclosed the possibility that a party could successfully mount an equitable defense against the government in statutory enforcement actions. *See Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 60-61 (1984). In *Heckler*, the United States argued that estoppel could never be asserted against the government, when the government is enforcing a statute in the public interest. *Id.* at 60. The Supreme Court agreed that the government's arguments were "substantial," but ultimately declined to hold that there could never be a case "in which the public interest in ensuring that the Government can enforce the law free from estoppel might be outweighed by the countervailing interest of citizens in some minimum standard of decency, honor, and reliability in their dealings with their Government." *Id.* at 60-61. Although under *Heckler* the bar may be high for establishing a defense of estoppel against the government, the Court cannot say it is impossible. In light of *Heckler*, it would be premature to strike Goodrich's estoppel defense at this time.

     In accord with the foregoing, the First, Second, Fourth, Fifth, Tenth, Twelfth, Twentieth, Twenty-Eighth, Twenty-Ninth, Thirty-First, Thirty-Second, Thirty-Third,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

Thirty-Fourth, Forty-Third, Forty-Fourth, and Forty-Seventh affirmative defenses are STRICKEN.[2] The motion to strike the Sixth affirmative defense of estoppel is DENIED.

    2.    <u>Causation Defenses</u>

In its Thirty-Seventh affirmative defense, Goodrich asserts a defense of Aggregate Proof of Causation or Liability. This defense suggests that the United States must prove specific causation with respect to waste that Goodrich disposed at the site. To the contrary, the government need only prove that "the defendant's hazardous substances were deposited at the site from which there was a release and that the release caused the incurrence of response costs." *United States v. Alcan Aluminum Corp.*, 964 F.2d 252, 266 (3rd. Cir. 1992); *see also United States v. Monsanto Co.*, 858 F.2d 160, 170 (4th Cir. 1988) ("[W]e will not frustrate the statute's salutary goals by engrafting a 'proof of ownership' requirement, which in practice, would be as onerous as the [causation] language Congress saw fit to delete."). Goodrich argues that "defenses relating to causation are relevant and permissible for purposes of determining divisibility." *Opp.* 22:22-23. But Goodrich's Fourteenth affirmative defense already asserts the defense of divisibility. *See Answer* ¶ 125. Therefore, Goodrich admits the Thirty-Seventh defense is redundant. This defense is STRICKEN.

    3.    <u>Defenses Involving Response Costs</u>

---

[2] It could be argued that some of these defenses are not equitable in nature. However, Goodrich has implicitly accepted that these are equitable defenses. *Opp.* 20:15-21. Additionally, insofar as any of these defenses are not equitable in nature, they would contravene the general principles that CERCLA establishes strict liability and only expressly allows certain narrow statutory defenses. As regards the RCRA cause of action, Goodrich asserts no reasons specific to the RCRA why these defenses are proper, other than the reasons already addressed.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#901

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

  Goodrich alleges various affirmative defenses concerning the amount of response costs expended by the United States. A party may bring a contribution action under Section 113 of CERCLA against other potentially responsible parties for contribution to response costs. 42 U.S.C. § 9613(f)(1). A Section 113 action for contribution/equitable allocation does not have any bearing on the liability of each defendant in a Section 107 action. *See Kramer*, 757 F. Supp. at 413 (D.N.J. 1991) (consideration of factors under Section 113 "only comes into play during the contribution phase and does not affect the liability of each defendant in a section 107 action"). Thus, Goodrich's affirmative defenses regarding response costs are not properly asserted against the United States' Section 107 cause of action against Goodrich for liability for response costs at the Rialto-Colton Groundwater Basin. Accordingly, the following affirmative defenses are STRICKEN: Eighth (Right of Offset); Twenty-Sixth (Plaintiff is a Potentially Responsible Party); Twenty-Seventh (Equitable Allocation); Thirtieth (Contribution or Indemnity); and Forty-First (Other Parties Jointly and Severally Liable).

  An affirmative defense that the United States has incurred costs inconsistent with the National Contingency Plan ("NCP") has been recognized as legitimate. *See United States v. Outboard Marine Corp.*, 789 F.2d 497, 506 (7th Cir. 1986) (noting that inconsistency with the NCP's cost-effectiveness provision, 42 U.S.C. § 9605(7), is an acceptable defense to a CERCLA cost recovery action); *Alco Pacific*, 217 F. Supp. 2d at 1042-43 (same). Accordingly, the Third affirmative defense (Failure to Comply with the NCP) is properly pled. However, other defenses regarding the necessity or cost-effectiveness of the United States' response costs are not proper. *See id.* at 1042-43 ("Divorced from the NCP, cost-effectiveness and necessity are not defenses to liability for government clean-up costs."). This includes the Fortieth affirmative defense asserting that the United States may not recover attorney fees. The United States does not assert a prayer for attorney fees in its First Amended Complaint, but rather prays in general for recovery of response costs. If the United States moves to recover attorney fees, it will have to show such fees are part of response costs consistent with the NCP. Goodrich may

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#901

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

contest any such motion for fees when it is made, and the Third affirmative defense already stands as a denial that such recovery would be appropriate.  Therefore, the following affirmative defenses are STRICKEN: Twenty-Second (Unnecessary Costs); Twenty-Third (Not Response Costs); Twenty-Fourth (Not Removal or Remedial Costs), and Fortieth (Attorneys' Fees Improper).

      4.     <u>Inapplicable Defenses</u>

Goodrich asserts as its Twenty-Fifth affirmative defense the "*De Micromis* Exemption" under Section 107(o) of CERCLA.  However, this exemption is only applicable to actions under Section 107(a)(3) and 107(a)(4) against parties liable as "arrangers" or "transporters."  Here, the United States proceeds under Section 107(a)(2) under a theory of "owner or operator" liability.  *FAC* ¶ 75.  The Twenty-Fifth affirmative defense is inapplicable and is STRICKEN.

As its Seventh affirmative defense, Goodrich asserts a Failure to Join Necessary and Indispensable Parties.  The United States is under no obligation to sue all potentially responsible parties in a CERCLA Section 107 cost recovery action.  *See Alco Pacific*, 217 F. Supp. 2d at 1043 (striking an affirmative defense alleging a failure to join indispensable parties); *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 413 (D. Md. 1991) ("The United States need not sue every potentially responsible party in order to bring a cost recovery action.").  Additionally, under Federal Rule of Civil Procedure 14, Goodrich may identify and sue other potentially responsible parties not already involved in this case.  The Seventh affirmative defense is STRICKEN.

The Thirty-Fifth affirmative defense alleges Goodrich "is not liable to Plaintiff because the acts of Goodrich alleged to have resulted in damages were privileged, and Plaintiff's Complaint is barred in its entirety."  *Answer* ¶ 146.  This defense runs afoul of the strict liability regime under CERCLA.  To the extent this defense asserts a federally-

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#901

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

permitted release defense under CERLCA Section 107(j), Goodrich has already asserted this defense in its Thirty-Sixth affirmative defense.[3]  *See Answer* ¶ 147.  The Thirty-Fifth defense is STRICKEN.

The Thirty-Ninth affirmative defense asserts any alleged discharge of hazardous substances was de minimis.  *Id.* ¶ 150.  This defense is unavailable under CERCLA's strict liability schema.  *See Kramer*, 757 F. Supp. at 423.  Any question of divisibility of liability is appropriately addressed by the Fourteenth affirmative defense.  *See Answer* ¶ 125.  Additionally, questions of de minimis discharge under the RCRA are subject to the affirmative requirement of the United States to establish that conditions may present an imminent and substantial endangerment to health or the environment.  *See* 42 U.S.C. § 6973(a).  Goodrich pleads a denial of this element of the prima facie case in the Forty-Eighth defense.  *See Answer* ¶ 159.  Accordingly, the Thirty-Ninth defense is STRICKEN.

        5.      <u>Defenses that Deny Elements of the United States' Prima Facie Case</u>

The United States moves to strike the following defenses that deny elements of the United States' prima facie case: Ninth (Failure to State a Claim), Thirteenth (Perchlorate Not a Hazardous Substance Under CERCLA Section 101(14)), Fifteenth (Site is not a "Facility" Under CERCLA Section 101(9)), and Forty-Eighth (No Imminent and Substantial Endangerment).  The United States argues these defenses are not properly affirmative defenses, but rather mere denials of the United States' First Amended Complaint.  *Mot.* 23:9-10.  Be that as it may, the Court sees no prejudice to the United States, nor any detriment to the Court or other parties, by allowing these defenses to stand at this time.  *See Alco Pacific*, 217 F. Supp. 2d at 1044-45 (declining to strike denials pled

---

[3] As an allowable defense under Section 107(j), the Thirty-Sixth affirmative defense may stand and the United States' request for a more definite statement is denied.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#901

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

as affirmative defenses because of a lack of prejudice to plaintiff).[4]  The United States' motion to strike the Ninth, Thirteenth, Fifteenth, and Forty-Eighth affirmative defenses is DENIED.

      c.      Goodrich's Jury Trial Demand

The United States moves to strike Goodrich's demand for a jury trial, arguing there is no right to a jury trial in a CERCLA and RCRA action seeking equitable relief.  In opposition, Goodrich fails to make any argument as to why the jury trial demand should stand.[5]  The Court concludes Goodrich does not oppose this part of the motion.  The jury trial demand is STRICKEN.

IV.     Conclusion

For the foregoing reasons, the following affirmative defenses in Goodrich's Answer to the United States' First Amended Complaint are STRICKEN: First, Second, Fourth, Fifth, Seventh, Eighth, Tenth, Twelfth, Twentieth, Twenty-Second, Twenty-Third, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Twenty-Eighth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second, Thirty-Third, Thirty-Fourth, Thirty-Fifth, Thirty-Seventh, Thirty-Ninth, Fortieth, Forty-First, Forty-Third, Forty-Fourth, and Forty-Seventh.

Additionally, Goodrich's demand for a jury trial is STRICKEN.

---

[4] Likewise, the Court sees no utility in parsing the individual words of any of Goodrich's defenses that are allowed to stand.  *See Mot.* 21:25-28 n.10 (requesting that the Court allow the Third affirmative defense to stand, but strike the second sentence of that defense).

[5] The Joint Opposing Parties also make no argument on this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#901**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 09-1864 PSG (SSx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc., et al. | | |

**IT IS SO ORDERED.**